1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JONATHAN DENNIS, | ) | CASE NO. CV08-1459 SGL(RZ) |
| | ) | Judge Stephen G. Larson |
| Plaintiff, | ) | Mag. Judge Zarefsky |
| | ) | |
| | ) | [PROPOSED] |
| | ) | ORDER RE STIPULATED |
| | ) | PROTECTIVE ORDER |
| vs. | ) | |
| | ) | |
| CITY OF LOS ANGELES, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

WHEREAS, Plaintiff  has propounded a Request for Production of Documents

upon Defendants requesting official and confidential information, such as internal affairs

investigations, use of force reports,  and personnel files of the Defendant officers, which

are contained in peace officer personnel files maintained by the Los Angeles Police

Department, and Defendants will be irreparably prejudiced if these confidential personnel

documents and the personal and confidential information contained therein (including,

LA/191939.1

but not limited to home addresses, dates of birth, workplace history, and social security numbers), ~~and~~ are disseminated publicly without the following protections, and  whereas the parties having met and conferred with each other and agree that good cause exists, and, based on such agreement and the privacy concerns surrounding personnel matters, and the parties having ~~and~~ stipulated to the following terms and conditions, the Court finds good cause for entry of a protective order, and therefore hereby orders as follows:

1.     Defendants and Plaintiff  may designate as confidential any document or writing found in internal affairs investigations, use of force reports,  and personnel files of the Defendant officers that they, in good faith, believe contains information of a privileged, confidential, private or sensitive nature, by affixing to such document or writing a legend, such as  "Confidential.   Confidential Documents,  Confidential Material,   Subject to Protective Order" or words of similar effect.  These documents include the Internal Affairs Report, The Use of Force Report, Personnel Complaints, and other documents containing deliberative processes from supervisors. Documents and writings so designated, and all information derived there from (hereinafter, collectively referred to as Confidential Information ), shall be treated in accordance with the terms of this stipulation. ~~These documents also include any privileged documents that plaintiff may have.~~

2.     If  Plaintiff's counsel believes  that any document, writing or information that has been designated by Defendants as Confidential (or an equivalent designation)

does not warrant that designation, Plaintiff's counsel will advise Defendants' counsel. In the event of a dispute regarding the designation of confidential information, the procedure for obtaining a decision from the Court is that set forth in Local Rule 37.  If the parties want to file the Joint Stipulation required by Local Rule 37 under seal, the parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request.  The parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal.  Notwithstanding Plaintiff's counsel belief that a document, writing or information that has been designated by Defendants as Confidential (or an equivalent designation) does not warrant that designation, Plaintiff's counsel will continue to treat it as such in accordance with the terms of this Protective Order unless and until the parties agree otherwise or the Court so determines.

3.     Confidential Information may be used by the persons receiving such information only for the purpose of this litigation.

4.     Subject to the further conditions imposed by this stipulation, Confidential Information may be disclosed only to the following persons:

(a)     Counsel for the parties, parties,  ~~and to~~ experts, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision;

(b)     Such other ~~parties~~ persons as may be agreed by written stipulation among the parties hereto.

5.     Prior to contacting any person identified as a confidential informant in the Confidential Information, the party intending to contact this person will first notify counsel for Defendant City of Los Angeles, who will then advise the Los Angeles Police Department.  All City of Los Angeles employees and all LAPD officers and employees shall be contacted through the City Attorney s Office, their counsel of record.

6.     Prior to the disclosure of any Confidential Information to any person described in paragraph 4(a) or 4(b), counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this ~~stipulation~~ Order, and shall cause him or her to execute, on a second copy which counsel shall thereafter serve on the other party, the following acknowledgment:

I understand that I am being given access to Confidential

Information pursuant to the foregoing ~~stipulation and~~ order.

I have read the Order and agree to be bound by its terms

with respect to the handling, use and disclosure of such

Confidential Information.

Dated: _____/s/_____

7.     Upon the final termination of this litigation, including any appeal pertaining thereto, all Confidential Information and all copies thereof in the parties' possession shall

be returned to the Defendant City of Los Angeles through the City Attorney's Office.  All Confidential Information disclosed to any person or party pursuant to any provision hereof also shall be returned to the Defendants.  This provision does not obligate the Court to act in a certain matter in relation to the confidential documents.

8.    If any party who receives Confidential Information receives a subpoena or other request seeking Confidential Information, he, she or it shall immediately give written notice to the Defendants' counsel, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this ~~stipulation~~ Order so as to afford the Defendants an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material.  Other than objecting on the grounds of this stipulation, no party shall be obligated to seek an order barring production of Confidential Information, which obligation shall be borne by the Defendants.  However, in no event should production or disclosure be made without written approval by the Defendants' counsel unless required by court order. ~~arising from a motion to compel production or disclosure of Confidential Information.~~

9.    Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contains or discloses confidential information shall be filed and maintained under Local Rule 79-5, which governs the

filing of documents under seal.  If confidential material is included in any papers to be filed in Court, such papers shall be accompanied by an application to file the papers or the confidential portion thereof  under seal; the application must demonstrate good cause for the under seal filing.  The application shall be directed to the judge to whom the papers are directed.  Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

10.    At the commencement of trial, unless ~~good cause is shown~~ the trial judge orders otherwise, the terms of the protective order are dissolved, except for the return of the confidential documents to the party providing them at the completion of the case.

11.    ~~Counsel for the parties hereto agree  that~~ Except for dispositive motions, any pre-trial motions, applications or other ~~pre-trial~~ proceedings which entail the discussion or disclosure of Confidential Information shall be heard by the Court outside the presence of the jury or potential jurors, unless ~~having heard from counsel,~~ the Court orders otherwise.  ~~Counsel for the parties further agree that during any portion of the trial of this action which could entail the discussion or disclosure of Confidential Information, access to the courtroom be limited to parties, their counsel and other designated representative, experts or consultants who agree to be bound by this stipulation, and court personnel, unless having heard from counsel, the Court orders otherwise.~~

12.     Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

//     13.  Any protection for materials used in connection with dispositive motions, or at trial, must be obtained separately, from the jurist who will preside over the dispositive motions or the trial proceedings.

//

//

~~The parties having so stipulated, and good cause appearing, the Amended Stipulated Protective Order filed by the parties is hereby granted.~~

IT IS SO ORDERED:

DATED:  September 25, 2009

_____
HON. RALPH ZAREFSKY
UNITED STATES DISTRICT COURT
MAGISTRATE JUDGE

[PROPOSED] ORDER RE STIPULATED PROTECTIVE ORDER

LA/191939.1